UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KANDICE ASHBY,

        Plaintiff,

v.

A&J BROTHERS, INC., *et al.*,

        Defendants.
_____/

Case No. 23-cv-12152
Honorable Linda V. Parker

## OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S DECISION

Plaintiff Kandice Ashby commenced this lawsuit against John Doe, an individual whose identity is currently unknown, and A & J Brothers, Inc. (collectively, "Defendants"), claiming negligence, owner's liability, and negligent hiring, retention, and supervision after she allegedly sustained bodily injuries from a motor vehicle collision involving Defendants. (*See* ECF Nos. 1, 11.)

This matter is currently before the Court on Ms. Ashby's motion to compel. (*See* ECF No. 11.) The motion has been referred to Magistrate Judge Elizabeth A. Stafford for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 14.) On August 28, 2024, Magistrate Judge Stafford issued an order denying Ms. Ashby's motion to compel. (*See* ECF No. 15.) At the conclusion of her order, Magistrate Judge Stafford informed the parties that they must file any

1

objections to the order within fourteen days. (*Id*. at Pg ID 254-55.) Ms. Ashby filed objections on September 10, 2024. (*See* ECF No. 16.)

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

The Court has carefully reviewed Magistrate Judge Stafford's ruling as to Ms. Ashby's motion to compel as well as Ms. Ashby's objections and is not convinced that Magistrate Judge Stafford's decision is clearly erroneous or contrary to law. Ms. Ashby asserts that the magistrate court's order is clearly erroneous because she "followed this

2

Court's instructions by attempting to resolve the matter amicably prior to filing her Motion to Compel." (ECF No. 16 at Pg ID 259.)

As a general matter, a scheduling order establishing discovery deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In other words, "[a]bsent express permission from the court, parties should assume that the discovery deadline is the end of discovery." *Boone v. Stieve*, 642 F. Supp. 3d 597, 603 (E.D. Mich. 2022). Here, the Court held a status conference on March 21, 2024, to discuss the discovery issues set forth in Ms. Ashby's motion to compel. (*See* ECF No. 16 at Pg ID 256-57.) A few days later, the Court approved the parties' stipulation to adjourn the scheduling deadlines by approximately ninety days. (*See* ECF No. 10.) While the Court instructed the parties to try to resolve their discovery disputes without Court intervention and granted Ms. Ashby permission to file the instant motion in the absence of a resolution, the amended scheduling order provided that the deadline for discovery ended on July 12, 2024. (*See id*.) Accordingly, Ms. Ashby should have filed the instant motion before July 12, 2024. Ms. Ashby, however, without agreement from Defendants or consent from the Court, decided to wait until August 14, 2024–one month after the deadline–to reraise her issues. Thus, the motion was filed too late. *See Craig-Wood v. Time Warner NY Cable LLC*, 549 F. App'x 505, 508 (6th Cir. 2014) ("In general, a district court does not abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines; such is the case here.").

3

Even more, Ms. Ashby has not provided any support or explanation for her delayed motion.  *See Helena Agri-Enterprises, LLC v. Great Lakes Grain*, LLC, 988 F.3d 260, 272 (6th Cir. 2021) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.").  The case Ms. Ashby cites, *Frye v. CSX Transportation, Inc.*, No. 14-CV-11996, 2016 WL 2758268 (E.D. Mich. May 12, 2016), is distinguishable.  In that case, the court granted the motion, despite it being filed after the close of discovery, because the plaintiff "*show[ed]* that her counsel continued to engage in efforts to resolve [the] issues for the period of time prior to the close of discovery and preceding the filing of her [m]otion . . . ." *Id*. at *2 (emphasis added).  Ms. Ashby's counsel was afforded adequate time and opportunity to compel discovery *and* comply with the deadline.  Without a showing or explanation of counsel's efforts made between the date of the status conference and the date of the instant filing to obtain the requested information from Defendants, the Court has no basis for making a good cause determination or reopening discovery in this matter.

For these reasons, the Court affirms Magistrate Judge Stafford's order.

Accordingly

**IT IS ORDERED** that Ms. Ashby's motion to compel (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties file any dispositive motions

4

within forty-five (45) days of this Order.

                                                      s/ Linda V. Parker
                                                     LINDA V. PARKER
                                                     U.S. DISTRICT JUDGE

Dated: March 20, 2025